UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARKEYO ALEXANDER FAVORS,

    Petitioner,

v().                                               Case No:  6:17-cv-145-Orl-31KRS
                                                           (6:14-cr-83-Orl-31KRS)
                                                           (6:14-cr-84-Orl-31KRS)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This cause is before the Court on the Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 1) filed by Petitioner pursuant to 28 U.S.C. § 2255. Petitioner also filed a Memorandum of Law (Doc. 2) in support of the Motion to Vacate. The Government filed a Response in Opposition to the Motion to Vacate ("Response," Doc. 8) in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Petitioner filed a Reply (Doc. 10) to the Response. For the reasons set forth herein, the Motion to Vacate is denied as untimely.

### I.    PROCEDURAL BACKGROUND

In case number 6:14-cr-83-Orl-31KRS, a Grand Jury charged Petitioner and another individual in a thirteen count Indictment with the commission of various crimes. (Criminal Case 6:14-cr-83-Orl-31KRS, Doc. 1). In case number 6:14-cr-84-Orl-31KRS, a Grand Jury charged Petitioner and two other individuals in a twenty-four count

Indictment with the commission of various crimes. (Criminal Case No. 6:14-cr-84-Orl-31KRS, Doc. 1).

In case number 6:14-cr-83-Orl-31KRS, Petitioner entered guilty pleas to Counts Three, Ten, and Thirteen. In case number 6:14-cr-84-Orl-31KS, Petitioner entered a guilty plea to Count One. On December 16, 2014, the Court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a total term of 101 months. (Criminal Case 6:14-cr-83-Orl-31KRS, Doc. 102; Criminal Case 6:14-cr-84-Orl-31KRS, Doc. 100). Petitioner did not file a direct appeal with regard to either case. The Motion to Vacate was filed on January 17, 2017, under the mailbox rule.[1]

## II. LEGAL STANDARD

A motion under section 2255 must be filed within one-year from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (quotations omitted). Absent evidence to the contrary, the Court assumes that a prisoner delivered a filing to prison authorities on the date that he signed it. *Id*.

2

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

### III. ANALYSIS

The Motion to Vacate is subject to dismissal because it was not timely filed under the one-year period of limitation set forth in section 2255. As already noted, the judgments of conviction were entered by the Court on December 16, 2014. Because no appeal was filed, the judgments of conviction became final fourteen days after the entry of judgment by the Court. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (holding that a conviction that is not appealed becomes final when the time allotted for filing an appeal expires). Thus, Petitioner's conviction became final on December 30, 2014. As a result, Petitioner had until December 31, 2015, to file a section 2255 motion in this case. The Motion to Vacate, which was filed on January 17, 2017, was untimely.

Petitioner argues that the one-year "deadline does not apply . . . because of the absence of subject matter jurisdiction that was unlawfully manufactured by prosecutor misconduct." (Doc. 1 at 12). Petitioner alleges that his arrest warrants were "falsified" because they were "signed and issued by" individuals who were "U.S. Deputy Clerk officials who were not authorized by law to issue federal arrest warrants." (Doc. 2 at 2).

The Grand Jury returned the Indictments charging Petitioner on April 2, 2014. In case number 6:14-cr-83-Orl-31KRS, an arrest warrant was issued by the Clerk of the Court on April 2, 2014. (Criminal Case 6:14-cr-83-Orl-31KRS, Doc. 4). In case number 6:14-cr-

3

84-Orl-31KRS, an arrest warrant was issued by the Clerk of the Court on April 3, 2014. (Criminal Case 6:14-cr-84-Orl-31KRS, Doc. 4). Deputy clerks issued and signed the arrest warrants.

Federal Rule of Criminal Procedure 9(b) permits the clerk to sign an arrest warrant for a defendant charged by an Indictment. Consequently, the arrest warrants were not fraudulent and were signed by individuals legally authorized to do so. Petitioner has failed to demonstrate any prosecutorial misconduct or that this Court lacked jurisdiction. As a result, Petitioner has not shown any basis for statutory or equitable tolling in this case. Therefore, the Motion to Vacate is denied as untimely.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus,

the Court will deny Petitioner a certificate of appealability.

### V. Conclusion

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. Petitioner is **DENIED** a certificate of appealability.

4. The Clerk of the Court is directed to enter judgment in favor of Respondent and to close this case. A copy of this Order and the judgment shall also be filed in criminal case numbers 6:14-cr-83-Orl-31KRS and 6:14-cr-84-Orl-31KRS.

5. The Clerk of the Court is directed to terminate the section 2255 motion filed in criminal case number 6:14-cr-83-Orl-31KRS (Doc. 115) and in criminal case number 6:14-cr-84-Orl-31KRS (Doc. 112).

**DONE** and **ORDERED** in Orlando, Florida on November 8, 2017.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-2 11/8